[Cite as *State v. Warren*, 2017-Ohio-141.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-16-1079

        Appellee                                Trial Court No. CR0201502009

v.

Melvin Warren                                    **DECISION AND JUDGMENT**

        Appellant                                Decided:  January 13, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Melvin Warren, appeals the March 17, 2016 judgment

of the Lucas County Court of Common Pleas which, after finding him guilty of

complicity to commit involuntary manslaughter following his plea pursuant to *North*

*Carolina v. Alford*, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970), sentenced him to ten years of imprisonment. Based on the reasons set forth herein, we affirm.

{¶ 2} A brief recitation of the facts is as follows. On June 25, 2015, appellant was charged with one count of aggravated murder, R.C. 2903.01(B), in connection with the August 17, 1981 death of Mark Wiler in Toledo, Lucas County, Ohio. On March 11, 2016, pursuant to an agreement with the state, appellant was charged by information on one count of complicity to involuntary manslaughter. The agreement further provided that appellant would waive the statute of limitations issue and be sentenced under the current sentencing structure (with lower maximum penalties.) Following the March 14, 2016 combined plea and sentencing hearing the murder count was dismissed, appellant was sentenced, and this appeal followed.

{¶ 3} In his brief, under procedures announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel indicates that he has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel filed a brief setting forth potential grounds for appeal and also filed a request to withdraw as counsel.

{¶ 4} Counsel notified appellant of his inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and his motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

2.

**{¶ 5}** In his *Anders* brief, appellant's counsel has asserted three potential assignments of error:

I.  The trial court did not comply with the directives of R.C. 2929.11 and 2929.12 in sentencing appellant to ten years in the Ohio Department of Rehabilitation and Corrections.

II.  The trial court erred to the prejudice of appellant by imposing consecutive sentences without making judicial findings under R.C. 2929.14(C)(4).

III.  Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio.

**{¶ 6}** In appellant's counsel's first and second potential assignments of error he contends that appellant's sentence was contrary to law in that the court failed to consider his level of involvement as a mitigating factor, R.C. 2929.12, and by imposing a consecutive sentence failed to punish the offender using the minimum sanctions, R.C. 2929.11(A).  We disagree.

**{¶ 7}** In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, we recognized that the abuse of discretion standard in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, though no longer controlling, still can provide guidance for determining whether a felony sentence is clearly and convincingly contrary

3.

to law. *Id.* at ¶ 15. *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied postrelease control, and had imposed a sentence within the statutory range. *Id.*, *Kalish* at ¶ 18.

{¶ 8} In sentencing appellant, the trial court stated that it considered the facts of the case and appellant's criminal history. The court then indicated that it considered the purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. Thus, we conclude that appellant's level of involvement was properly considered by the court.

{¶ 9} Appellant also contends that his consecutive sentence is contrary to law. Ordering that the sentence be served consecutive to the imprisonment term appellant was currently serving, the court stated:

> Now I do find it necessary to make this sentence consecutive, that is both to protect the public from future crime. Your history of criminal conduct is extensive. It is also appropriate punishment for your behavior in this case.
>
> It is not disproportionate to the seriousness of your conduct or to the danger that you pose to the community.
>
> I do find that also that the harm caused was so great or unusual that no single prison term for your conduct along the way is appropriate and that

4.

for any of the offenses that as part of any course of conduct would have adequately reflected the seriousness of your conduct.

And also as I stated your criminal history requires consecutive sentences.

{¶ 10} Appellant was also given mandatory postrelease control and appeal notifications and the costs of prosecution were waived. In the court's March 17, 2016 judgment entry, it made similar findings and specifically referenced R.C. 2929.11, 2929.12 and 2929.14(C)(4).

{¶ 11} Based on the foregoing, we find that the trial court complied with the felony sentencing statutes in sentencing appellant to a ten-year consecutive sentence. Accordingly, appellant's counsel's first and second potential assignments of error are not well-taken.

{¶ 12} In his third potential assignment of error, appellant's counsel argues that appellant was denied the effective assistance of trial counsel. Specifically, counsel contends that appellant's trial counsel failed to preserve appeal issues by withdrawing appellant's motion to suppress.

{¶ 13} To establish ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204,

citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 14} As stated during the hearing, as part of the negotiated plea agreement appellant first agreed to be charged with complicity to involuntary manslaughter by information. The state then agreed to dismiss the aggravated murder charges. Also as part of the plea agreement, appellant agreed to withdraw his motion to suppress.

{¶ 15} Reviewing the record of the proceedings below, we find that appellant was represented vigorously and counsel was able to secure a greatly reduced potential maximum jail sentence. Further, during the plea hearing, appellant indicated that he had ample time to discuss the plea with his counsel and that he was satisfied with counsel's advice and competence. Accordingly, we reject appellant's counsel's third potential assignment of error.

{¶ 16} Upon our own independent review of the record as required by *Anders*, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE